IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DELORIS PHILLIPS,** | ) | |
|     **Plaintiff,** | ) | |
| vs. | ) | No. 3:10-CV-1197-G-BH |
| | ) | |
| **UNITED PARCEL SERVICE,** | ) | |
|     **Defendant.** | ) | **Referred for Pretrial Management** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court are *Plaintiff's Request for Simultaneous Entry of Default Judgement and the Default Judgment* ("Mot. Default"), filed August 19, 2010 (doc. 71), and *Plaintiff's Motion to Stay Default Judgment (doc. 71) in Response to Defendant's Resonce [sic] (doc. 75)* ("Mot. Stay"), filed on September 3, 2010 (doc. 77)[1]. Based on the relevant filings and applicable law, the motion for default judgment should be **DENIED**.

**I. BACKGROUND**

On June 16, 2010, Plaintiff filed suit against her employer, United Parcel Service ("UPS"), for alleged retaliation, racial harassment and discrimination, "deprivation of dignity", defamation, and intentional and negligent infliction of emotional distress. (Compl., doc. 1, at 1-2, 8.) The next day, she filed an amended complaint. (*See* Am. Compl., doc. 9.) On July 13, 2010, UPS' attorneys entered their appearance and filed a Notice of Waiver of Service of Summons. (*See* Doc. 53.) UPS moved to dismiss this action on August 9, 2010. (*See* Doc. 67.) Plaintiff subsequently moved for

---

[1] Although titled as a motion to stay, this filing replies to the Defendant's response to her motion for default . (*See* Mot. Stay at 1.) Other than urging the Court "to stay and grant her request" for default and default judgment, it does not otherwise mention or provide any basis for a stay. (*See id.* at 1-2.) The filing is therefore construed as Plaintiff's reply. To the extent that she moves for a stay, the motion (doc. 77) is **DENIED.**

default. (*See* Mot. Default at 1.) Defendant has responded (*see* Doc. 75), Plaintiff has replied, and the issues are now ripe.

## II. MOTION FOR DEFAULT

Plaintiff moves for entry of default judgment pursuant to Fed. R. Civ. P. 55. Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise". *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55 (b); *N.Y. Life Ins.*, 84 F.3d at 141.

Here, the defendant has otherwise defended the case by filing a motion to dismiss under Rule 12. *See Rogers v. Barnhart*, 365 F. Supp. 2d 803, (S.D. Tex. 2004) (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 277 (5th Cir. 1989) ("the filing of a motion to dismiss is normally considered to constitute an appearance")). Plaintiff has not established that a default has occurred, and neither entry of default or a default judgment are appropriate in this case.[2]

## III. RECOMMENDATION

*Plaintiff's Request for Simultaneous Entry of Default Judgement and the Default Judgment*, filed August 19, 2010 (doc. 71), should be **DENIED**.

---

[2] Even assuming, without deciding, that the plaintiff is correct in asserting that the defendant's motion was late-filed, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn,* 236 F .3d 766, 767 (5th Cir.2001) (*quoting Ganther v. Ingle,* 75 F.3d 207, 212 (5th Cir.1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis,* 236 F.3d at 767 (quoting *Sun Bank,* 874 F.2d at 276).

**SO RECOMMENDED on this 23rd day of November, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE